J-S40002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CLEATUS T. MILTON | : | |
| | : | |
| Appellant | : | No. 531 EDA 2017 |

Appeal from the PCRA Order January 4, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0311451-2006

BEFORE: OTT, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JUNE 22, 2017**

Appellant Cleatus T. Milton appeals the Order entered in the Court of Common Pleas of Philadelphia County on January 4, 2017, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Because this petition is untimely without an applicable exception, we affirm.

On July 31, 2007, following a jury trial, Appellant was convicted of rape of a child under the age of thirteen, involuntary deviate sexual intercourse (IDSI) of a child under the age of thirteen, incest, indecent assault, and corrupting the morals of a minor. Appellant's convictions arose from his anal, oral and vaginal rape of his then ten-year-old, mentally

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

disabled daughter. On December 18, 2007, the trial court sentenced Appellant to an aggregate term of forty-seven and one-half (47½) years to ninety-five (95) years' imprisonment.[2] Appellant filed a timely appeal with this Court claiming the trial court abused its discretion by sentencing him to a manifestly excessive period of incarceration which amounted to a life sentence and in failing to take into account his prior record score. Finding that the trial court had considered appropriate sentencing factors and adequately set forth its reasons for fashioning its sentence, which included an upward departure from the Sentencing Guidelines, this Court found no abuse of discretion and affirmed Appellant's judgment of sentence. *See Commonwealth v. Milton*, 976 A.2d 1211 (Pa.Super. 2009) (unpublished memorandum).

On June 15, 2009, Appellant filed a timely PCRA petition, *pro se*. Counsel was appointed and filed an amended petition which ultimately was denied without a hearing on October 28, 2010.[3] Therein, Appellant

---

[2] The trial court imposed sentences in the standard range of the Sentencing Guidelines for the rape, IDSI and incest convictions, and it sentenced Appellant outside of the guidelines for the indecent assault and corruption convictions. Specifically, Appellant received twenty (20) to forty (40) years in prison for the rape conviction and the same prison term for the IDSI conviction. Additionally, he received two and one half (2 ½) years to five (5) years in prison each for the incest, indecent assault, and corrupting the morals of a minor convictions. Each sentence was to run consecutively.

[3] The PCRA court properly provided Appellant with Pa.R.Crim.P. 907 notice before it dismissed the petition without a hearing. *See* Order filed 10/28/10.

maintained that the PCRA court erred in denying him an evidentiary hearing and in preventing him from establishing his claim that trial counsel had been ineffective for failing to file a Pa.R.Crim.P. 600 petition. Finding no merit to Appellant's arguments, this Court affirmed the PCRA court's Order on October 26, 2011. *See Commonwealth v. Milton*, 37 A.3d 1245 (Pa.Super. 2011) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on February 28, 2012. *See Commonwealth v. Milton*, 615 Pa. 755, 32 A.3d 1245 (2012) (table).

Appellant filed the instant PCRA petition, his second, *pro se*, on March 29, 2016, and an amended petition on April 11, 2016. In both documents, Appellant avers his sentence is illegal in light of the United States Supreme Court's decisions in *Alleyne v. United States*, ___U.S. ____, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and *Montgomery v. Louisiana*, ___ U.S. ____, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) and their progeny. Appellant maintains that he "was sentenced to a Mandatory Minimum under statute 42 Pa.C.S. § 9718, which was effected by the Alleyne Case as containing unconstitutional aspects." Appellant goes on to aver that "[i]n Montgomery v. Louisiana, the United States Supreme Court recognized that when a new Substantive Rule of Constitutional Law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." *See* Motion for Post Conviction Collateral Relief, filed 3/26/16, at 4. After properly notifying Appellant of its intent to do so under Rule 907,

the PCRA court dismissed Appellant's second PCRA petition without a hearing on January 4, 2017.

In his brief, Appellant presents the following questions for our review:

A.    Did the lower court err when it failed to acknowledge and address the unconstitutional sentence it imposed upon appellant in light of a new substantive ruling[?]

B.    Did the lower court err when it failed to acknowledge and address Appellant's Brady/Dennis[4] Claims that deprived Appellant of a fair trial[?]

Brief for Appellant at 2 (unnecessary capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. *Commonwealth v. Robinson*, ___ Pa. ____, ____, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa.Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo*

_____

[4] Appellant apparently is referring to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)  Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

As noted previously, Appellant was sentenced on December 18, 2007, and this Court affirmed the judgment of sentence on May 28, 2009. Appellant did not file a petition for allowance of appeal with our Supreme Court; therefore his judgment of sentence became final thirty days thereafter, on June 28, 2009. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"). Since Appellant filed the instant petition almost seven years thereafter, it is patently untimely and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

Though his arguments are at times vague and disjointed, Appellant initially attempts to invoke 42 Pa.C.S.A. § 9545(b)(1)(iii), the "newly recognized constitutional right" exception to the PCRA time-bar. Appellant contends that **Alleyne**, **supra** and its progeny rendered unconstitutional all

statutes that require mandatory minimum sentences. In **Alleyne**, the Supreme Court of the United States held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. **Alleyne**, **supra** at 2163. "The **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." **Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa.Super. 2013) (*en banc* ), *appeal denied*, 95 A.3d 277 (Pa. 2014) (footnotes omitted).

However, in considering whether **Alleyne** provides an exception to the PCRA time-bar, the Pennsylvania Supreme Court in **Commonwealth v. Washington**, ___ Pa. ____, 142 A.3d 810 (2016) addressed a situation in which the defendant raised an **Alleyne** claim in a timely PCRA petition, but his judgment of sentence had become final prior to the **Alleyne** decision. The **Washington** Court held that "**Alleyne** does not apply retroactively to cases pending on collateral review, and that [a]ppellant's judgment of sentence, therefore, is not illegal on account of **Alleyne**." **Id**. at ___, 142 A.3d at 815.  Therefore, even if he were serving a mandatory sentence, Appellant's reliance upon **Alleyne** would be fatal to his claim.  **Id**. at ___, 142 A.3d at 820.

In addition, **Alleyne** was decided in 2013, and Appellant did not file the instant PCRA petition until March 29, 2016. Accordingly, Appellant failed to comply with 42 Pa.C.S.A. § 9545(b)(2) (stating "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented"). Appellant's arguments in support of this claim otherwise reiterate the challenges to his sentence that he presented in his initial PCRA petition which this Court previously deemed to be meritless. **See Commonwealth v. Milton**, 37 A.3d 1245 (Pa.Super. 2011) (unpublished memorandum). Hence, Appellant is not eligible for PCRA relief on these issues. 42 Pa.C.S.A. §§ 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence ... [t]hat the allegation of error has not been previously litigated or waived.").

Appellant also attempts to evoke the newly-recognized constitutional right exception when averring his sentence of life imprisonment is illegal under **Montgomery**, **supra**. In **Montgomery**, the United States Supreme Court declared its prior holding in **Miller**, **supra**, constitutes a substantive rule of constitutional law to which state collateral review courts were required as a constitutional matter to give retroactive effect. **Montgomery v. Louisiana**, ___ U.S. at ____, 136 S.Ct. at 736, 193 L.Ed.2d at ___. The

High Court held therein that the new rule of law announced in **Miller** applies retroactively to cases on collateral review.[5]

The United States Supreme Court decided **Montgomery** on January 25, 2016, and Appellant filed the current PCRA petition on March 29, 2016. In **Commonwealth v. Secreti**, 134 A.3d 77, 82 (Pa.Super. 2016), this Court held that the date upon which **Montgomery** had been decided is to be used when calculating whether a petition is timely filed under the sixty-day rule of 42 Pa.C.S.A. § 9545(b)(2). Because Appellant's PCRA petition was filed after March 25, 2016, he has failed to satisfy the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(2). In any event, as previously stated, even had

_____

[5] In **Miller**, the Supreme Court had held that "mandatory life without parole for those under the age of 18 at the time of their crimes violated the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller v. Alabama**, ___ U.S. at ____, 132 S.Ct. at 2460, 183 L.Ed.2d at ____. Notwithstanding, while the Supreme Court's holding in **Miller** set forth a bright-line rule that mandatory sentences of life imprisonment without the possibility of parole are unconstitutional for juvenile offenders, it did not prevent a trial court from imposing a life sentence upon an individual such as Appellant who was over the age of eighteen at the time he committed the offense and did not receive a mandatory sentence of life imprisonment. Therefore, the right recognized by **Miller** and held to be retroactive in **Montgomery** does not provide Appellant a basis for relief from the PCRA time-bar. **See Miller**, ___ U.S. at ____, 132 S. Ct. at 2469, ___ L.Ed.2d at ____ (holding "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.") **See also Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa.Super. 2013) (holding **Miller** is not an exception under Section 9545(b)(1)(iii) to those over the age of eighteen at the time crimes were committed); **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa.Super. 2016) (holding the **Miller** decision applies only to defendants "under the age of 18 at the time of their crimes").

Appellant timely filed the instant petition, since he was over eighteen years old when he committed the crimes of which he was convicted, **Miller** does not apply to his case.

Appellant also contends the trial court erred in failing to consider his claims of governmental interference and **Brady** violations in that he was prohibited from confronting his daughter's physicians at trial. While Appellant's arguments essentially characterize this claim as one arising under the governmental interference and newly-discovered fact exceptions to the PCRA time-bar, Appellant clearly would have been aware of his perceived inability to confront his daughter's treating physicians or obtain relevant records pertaining thereto at the time of trial, and he makes no argument to the contrary. As such, Appellant has waived this claim for his failure to raise it properly on direct appeal or in terms of trial counsel's ineffectiveness in his first PCRA petition.[6] Hence, Appellant is not eligible for PCRA relief on these issues. **See** 42 Pa.C.S.A. § 9544(b) ("For purposes of

---

[6] This claim additionally is waived for Appellant's failure to raise it in either his initial PCRA petition filed on March 29, 2016, or in the amendment thereto filed on April 11, 2016. It is well-settled that issues not raised in a PCRA petition or amended PCRA petition are waived on appeal. **See Commonwealth v. Lauro**, 819 A.2d 100, 103 (Pa.Super. 2003), *appeal denied*, 830 A.2d 975 (Pa. 2003) (finding five issues not in original or amended PCRA petition waived). An appellant cannot raise a subject for the first time on appeal. **See Commonwealth v. Hanford**, 937 A.2d 1094, 1098 n.3 (Pa.Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008) (new legal theories cannot be raised for first time on appeal); Pa.R.A.P. 302(a).

this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.") *Commonwealth v. Chmiel*, 612 Pa. 333, 365, 30 A.3d 1111, 1129-30 (2011) (where defendant provided no indication as to the time or manner in which he became aware of alleged *Brady* materials apparently available at time of trial or direct appeal, such claim is waived for failure to raise it in earlier proceeding); *Commonwealth v. Roney*, 622 Pa. 1, 25, 79 A.3d 595, 609 (2013) (*Brady* claims deemed waived on appeal of PCRA where appellant failed to raise them at trial or on direct appeal).

For the foregoing reasons, Appellant's second PCRA petition is untimely, and he has failed to plead and prove an exception to the statutory time-bar. The PCRA court correctly determined it lacked jurisdiction to review the merits of Appellant's petition and properly dismissed it, and we discern no other basis on which to disturb the PCRA court's dismissal of Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2017